IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| HARVEY L. LANE, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on the Report and Recommendation (Filing No. 44) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motions to suppress (Filing Nos. 34 and 36) filed by the Defendant, Harvey L. Lane.  The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 53, 56) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

    The Defendant is charged in a three-count Indictment with conspiracy to distribute and possess with intent to distribute cocaine base (Count I); possession with intent to distribute cocaine base (Count II); and criminal forfeiture.  (Filing No. 1.)  The Defendant seeks the suppression of evidence found in the search of a residence and his statements made to law enforcement on December 4, 2007.

    Following an evidentiary hearing, Judge Thalken issued oral findings of fact and conclusions of law followed by a brief Report and Recommendation.  He concluded: the Defendant had no reasonable expectation of privacy in the searched premises and therefore lacks standing to contest the search; he never objected to the search or the consent of Ms. Conway, who rented the premises for her brother, Mr. Fielding, and therefore officers properly searched the residence based on the consent of those parties; and the Defendant's statement was voluntary.  (Filing No. 48 ("Tr."), at 45-49.)  On the

basis of these determinations, Judge Thalken recommended that the Defendant's motions to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court will make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided an account of the events surrounding the search and the Defendant's statements. The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 48.) The Court also carefully viewed the evidence. (Filing No. 43.) Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

## ANALYSIS

The Defendant objects to the following conclusions in Judge Thalken's Report and Recommendation: he lacked standing to contest the search; he failed to object to the two consents to search; his statement was voluntary.

### *Standing*

Lane argues that his affidavit shows that he was an overnight guest and had personal property at the residence and, therefore, he has standing to contest the search. More specifically, his affidavit states: "prior to December 4, 2007, I was occasionally an

overnight guest at this residence, most recently on Friday, November 23, 2007; that on December 4, 2007 I had articles of my clothing at the residence." (Filing No. 42, Ex. 101.)

The only evidence of standing are the Defendant's self-serving statements in his affidavit. The Defendant was not called to testify, and although the Defendant's testimony is not required, no evidence was adduced from the other witnesses and no additional witnesses or other evidence was produced to support the Defendant's statements in his affidavit. *Cf. Spinelli v. United States,* 382 F.2d 871, 879 (8th Cir. 1967) (standing was shown by "inference from the allegations in the indictment, the statements in the affidavit in support of the search warrant, and the testimony developed at the hearing to suppress"), *rev'd on other grounds,* 393 U.S. 410 (1969). The Court concludes that the Defendant has not satisfied his burden of proving that he has standing to contest the search. The objection is denied.

***Consents to Search***

The Defendant argues that the evidence did not sufficiently show that he was aware of the consents, and therefore his failure to object to those consents was reasonable.

The issue regarding knowledge of the consents is beside the point. The Defendant was inside the apartment during the search, and he never objected to the search. *See United States v. Cantrell,* 530 F.3d 684, 692 (8th Cir. 2008) (defendant never presented evidence that he objected to the search where the third-party owner consented to the search). The objection is denied.

3

*Voluntariness of Statement*

Lane gave two statements. The first one was exculpatory. He gave his inculpatory statement after one of the other individuals in the apartment, codefendant Michael Tobin, stated to all present that the person responsible for the drugs in the apartment ought to admit to his or her conduct or he would "kick their ass." (Tr. at 33.) The Defendant argues that Tobin's statement resulted in his involuntary statement.

The evidence includes Lane's rights advisory form, in which he answered "yes" to all of the questions. (Filing No. 43, Ex. 1.) Before Lane was spoken to again, at his request, Officer Davis reminded him that he had waived his rights. Lane then gave his inculpatory statement. (Tr. 22-23.) Therefore, because the evidence shows that Lane knowingly and voluntarily waived his rights prior to making the statement in question, the objection is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 44) is adopted in its entirety;

2. The Defendant's Statement of Objections to the Report and Recommendation (Filing No. 53) is denied;

3. The Defendant's Motions to Suppress (Filing No. 34, 36) are denied.

DATED this 18th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge